OPINION
On January 8, 1997, the Muskingum County Grand Jury indicted appellant, Jesse Untied, on two counts of burglary in violation of R.C. 2911.12(A)(2) and two counts of theft in violation of R.C.2913.02(A)(1). On May 5, 1997, appellant pled guilty as charged. By entry filed June 12, 1997, the trial court sentenced appellant to two years on each burglary count and six months on each theft count, all to be served concurrently.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED BY IGNORING THE MANIFEST WEIGHT OF THE EVIDENCE WHICH CLEARLY INDICATED THAT THE DEFENDANT REBUTTED THE PRESUMPTION OF PRISON, AND IMPOSED A SENTENCE CONTRARY TO LAW.
 I
Appellant's sole assignment of error challenges the imposition of a prison sentence in lieu of a less restrictive community control sanction. Appellant argues the trial court erred in failing to specifically explain why it found appellant had not overcome the presumption in favor of a prison sentence under R.C. 2929.13(D). We disagree.
R.C. 2929.12 contains relevant factors a trial court should consider when measuring an offender's conduct. Although these factors are intended to guide and to limit a sentencing court's discretion in order to achieve more consistent sentences, sentencing is nevertheless within the trial court discretion. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
It is undisputed appellant was convicted of two counts of burglary (felonies of the second degree) and for such offenses, there is a presumption in favor of a prison sentence. This presumption is rebuttal under R.C. 2929.13(D):
 (D) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree * * * if it makes both of the following findings:
 (1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 (2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.
By entry filed June 12, 1997, the trial court found pursuant to the above statute the following:
 In that the Defendant has been found guilty of two felonies of the second degree, a prison term is consistent with the purposes and principals of sentencing in Ohio Revised Code § 2929.11. The court has also considered the factors under Section 2929.13(B) and finds as stated on the record that certain factors are present with regard to count two, Theft over $500., a felony of the fifth degree, and that a Community Control Sanction is inconsistent with the purposes and principles of sentencing in Revised Code § 2929.11.
Appellant argues pursuant to R.C. 2953.08(G)(1)(d), his sentence was contrary to law.[1] As presented, the "contrary to law" argument is limited to the lack of specific findings as to whether appellant sufficiently rebutted the presumption, and whether the manifest weight of the evidence was in favor of a community control sanction.
Appellant's argument relies on the opinion of Melanie Richert, the officer who prepared appellant's presentence investigation report. Specifically, appellant points to the following testimony of Ms. Richert taken at the June 11, 1997 sentencing hearing:
 Q. Can you explain to the Court the results of your presentence investigation?
 A. Yes. One, the offense was a second degree felony, and based on that, we used the recidivism and seriousness factors in this case. I would indicate that there were no more or less serious factors found that relate to this offense. In regards to recidivism, recidivism is likely based on one fact. There was a prior adjudication of delinquency, which was self-reported by the defendant and one for recidivism unlikely, in that, there is no prior criminal convictions. Based on that, and the fact that on the other two offenses there were no criteria to support the presumption of prison, I would indicate that if the Court sees fit, this defendant with this case could rebut that presumption of prison.
T. at 5.
At the conclusion of the hearing, the trial court stated the following:
 THE COURT: If anybody has no further questions, you may step down. Having read the presentence report, and also having made a disposition of the Kevin Ward matter the other day, it will be the sentence of the Court that you be sentenced to two years at the appropriate penal institution on the two counts of burglary; six months on the felony of the fifth degree. That must be a theft, isn't it?
MR. HADDOX: Yeah.
 THE COURT: And then what level is the — I know it's a misdemeanor.
MR. KAIDO: Misdemeanor of the first degree.
 THE COURT: 2913.02 A-1, a sentence of six months on that, and all to be served concurrently; and then you counsel with your attorney about the intricacies of shock probation. You can counsel him on that. That will be the order of the Court.
T. at 6.
The presentence investigation report and the disposition of the co-defendant, Kevin Ward, were not made a part of the record. We do not know the specific contents of the presentence investigation report, the co-defendant's sentence nor any victim impact statements. Appellate review contemplates that the entire record be presented. App.R. 9. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. The presentence investigation report could have been submitted "under seal" for review.
Without the cited information and given the trial court findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence or "contrary to law."
We do find R.C. 2953.08(G)(1)(d), "contrary to law," is not an expanded ground for appeal. The issue of a sentence being "contrary to law" is not an innovation of S.B. No. 2 and its progeny. Ohio has long recognized the right to appeal a sentence which is contrary to statute. See, State v. Rafferty (April 10, 1995), Madison App. No. CA94-10-037, unreported (an indefinite sentence was given where a definite sentence applied). Given the specifics of R.C. 2953.08 on the right to appellate review, we find the "contrary to law" provision does not require that each and every sentence be subjected to review under the guidelines. Based upon this reasoning, we find because appellant was convicted of two felonies of the second degree and was not given the maximum sentence, his appeal is not permitted under R.C. 2953.08.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
By Farmer, P.J. Gwin, J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. CT97-0018
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.
[1] Appellant concedes all other rights of appeal are inappropriate.